UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONTAVIOUS CRADDOCK, individually
and on behalf of all others similarly situated,

        Plaintiffs,

v.

I BELIEVE THIS IS IT, INC.,
A & N INVESTMENT, LLC,

        Defendants.
_____/

COLLECTIVE ACTION

CASE NO:

## COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE
## FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME WAGES

Plaintiff Dontavious Craddock, on behalf of himself and all others similarly situated, (collectively referred to as "Plaintiffs") by and through undersigned counsel bring this collective action complaint to recover money damages for unpaid overtime wages under the laws of the United States from defendants I Believe This Is It, Inc. and A & N Investment, LLC (collectively referred to as "Defendants").

### INTRODUCTION

This is an action to recover unpaid overtime wages and liquidated damages under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201 *et seq* for a period going back not less than three years from the date of the filing of this lawsuit.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 because this action involves a federal question under FLSA.

2. This Court has personal jurisdiction over this action because Defendants maintain business operations in and the damages at issue occurred at locations in Fayetteville, Georgia, East Point, Georgia, Decatur, Georgia, College Park, Georgia, Lithonia, Georgia, Smyrna, Georgia, Atlanta, Georgia and Morrow, Georgia all within the jurisdiction of this Court.

3. Plaintiff Dontavious Craddock is a resident of Atlanta, Fulton County, Georgia within the jurisdiction of this Court.

4. Plaintiffs are covered employees for purposes of the Act.

5. Defendant I Believe This Is It, Inc. is a Georgia Domestic Profit Corporation and has at all times material hereto engaged in interstate commerce from its principal business operation in Fayetteville, Fayette County, Georgia.

6. Defendant A & N Investment, LLC is a Georgia Domestic Limited Liability Company and has at all times material hereto engaged in interstate commerce from its principal business in Decatur, DeKalb County, Georgia.

7. Venue is proper in this Court pursuant to 28. U.S.C. §1391(b) as all parties reside in this district and the events giving rise to this claim occurred within this district.

**FLSA VIOLATIONS**

8. Plaintiff began working for Defendants as an assistant manager in November 2014 and left their employ on or about October 17, 2015.

9. Defendants at all times material hereto engaged in the business of operating restaurant establishments open the public.

10. As part of ensuring quality of experience and consistency of culinary product across their ten (10) stores, Defendants hired assistant managers to uniformly implement company rules and regulations at every store.

--Feldman Law Group, PA | 1715 N. Westshore Blvd, Suite 400 | Tampa | FL | 33607 | PH (813) 639-9366--

11. At the outset of his employment, Defendants led Plaintiff Craddock to believe he would work only forty (40) hours per week. Plaintiff Craddock believed his salary covered a forty (40) hour work schedule and did not agree to accept his salary for work in excess of forty (40) hours per week without overtime compensation.

12. Throughout Plaintiff Craddock's employment, he consistently worked over forty (40) hours per week.

13. Plaintiff Craddock's schedule required mandatory overtime of two (2) hours a week and was set by Defendants' General Manager. In practice, however, Plaintiff Craddock worked far in excess of this schedule, often having to arrive early to open the store for vendors and staying late to finish closing the restaurant.

14. Upon information and belief, other similarly situated assistant managers also had mandatory overtime schedules and consistently worked in excess of forty (40) hours per week.

15. At all times relevant hereto, Plaintiff Craddock was paid $650 per week regardless of the number of hours worked. At no time did Defendants pay Plaintiff for the overtime hours worked.

16. Upon information and belief, other similarly situated assistant mangers were also paid a flat, per week salary that did not compensate them for overtime hours worked.

17. When it became apparent that Plaintiff Craddock was working and would continue to work many overtime hours, he discussed the issue of unpaid overtime with his superior, the general manager of his store. In response, Plaintiff Craddock was told that management would "look into it" and to wait until Defendants had a chance to hire additional staff and reduce his work hours.

18. While Plaintiffs had fifteen to twenty (15-20) staff who they oversaw at their

restaurants, they spent the vast majority of their time engaging in non-exempt work.

19. The non-exempt work Plaintiffs engaged in included running cash registers, operating the grill, working the fryers, tending to the pit and making cash deposits at the bank on behalf of the store.

20. Although allegedly overseeing the staff, Plaintiffs had no input on the hiring and firing of employees, did not set the number of hours or the rate of pay for employees and did not conduct annual or semi-annual reviews of employees.

21. Plaintiffs' primary "supervisory" role was to ensure staff attendance. If a staff member was late or did not appear, the Plaintiffs were authorized to call in other staff to meet the necessary staff levels. In response, Plaintiffs wrote an action memo about the attendance issue and forwarded it to the corporate headquarters for evaluation by Defendants' management.

22. Based on the foregoing, Plaintiff Craddock and those similarly situated have been misclassified as exempt and do not meet the executive exemption under the FLSA.

23. Additionally, Plaintiffs were issued standard operating procedures ("SOPs") set forth by Defendants, had no discretion to deviate from established SOPs and did not engage vendors to ensure the proper level of foodstuffs for the store.

24. Plaintiffs were required to clock in and clock out for all time worked.

25. Based on the foregoing, Plaintiff Craddock and those similarly situated have been misclassified as exempt and do not meet the administrative exemption under the FLSA.

26. Plaintiff Craddock has retained knowledgeable counsel to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

27. At all times relevant hereto, Defendants employed Plaintiff Craddock within the meaning of the FLSA.

28. Defendants willfully misclassified Plaintiff and all similarly situated assistant mangers as exempt from the FLSA overtime requirements and failed to pay them at rates of one and half times their regular rate for all hours worked in excess of forty (40).

29. Defendants have willfully violated the FLSA by misclassifying the assistant managers at their restaurants and knew in all respects that the assistant managers were non-exempt employees.

30. Defendants have derived significant financial benefits in the form of unlawfully retained overtime wages from misclassifying Plaintiff Craddock and those similarly situated without any justification or guidance from the Department of Labor and have no good faith reason for their willful misclassification of their assistant managers.

31. Defendants' failure to pay Plaintiff Craddock and those similarly situated overtime compensation is a violation of 29 U.S.C. § 207.

32. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. Due to Defendants' FLSA violations, Plaintiff Craddock and the class of similarly situated assistant managers have suffered damages and are entitled to recover from Defendants the unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## **CLASS ALLEGATIONS**

34. Plaintiff Craddock brings this suit on behalf of a collective class of similarly situated persons composed of:

> All persons currently employed with I Believe This Is It, Inc. and A & N Investment, LLC or who were previously employed with these entities

within a three (3) year period preceding the filing of this lawsuit as an assistant manager or working under any other title performing the duties of the assistant manager who were not paid overtime wages.

35. Plaintiff Craddock alleges on behalf of those members of the Class who elect to opt-in to this action that they are entitled to unpaid overtime wages as required by 29 U.S.C. § 207.

36. Because of Defendants' violations, Plaintiff Craddock and members of the Class were unlawfully undercompensated for their work in violation of the FLSA.

37. The exact number of the members of the Class is unknown to Plaintiff Craddock at this time and can only be ascertained through appropriate discovery. Upon information and belief, the Class size may be as many as 50 persons.

38. Plaintiff Craddock will fairly and adequately protect the interests of the Class and has retained counsel that is experienced and competent in collective actions and employment litigation.

39. Plaintiff Craddock has no interest that is contrary to, or in conflict with, members of the Class.

40. A collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

41. A collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Class likely will not obtain redress for their injuries.

42.     Even if the Class members engaged in individual litigation against Defendants, it would be unduly burdensome to the judicial system. The instant collective action has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale and comprehensive supervision by a single court.

43.     There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. The questions of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

   a. Whether Plaintiff Craddock and the members of the Class are non-exempt employees within the meaning of the FLSA.

   b. Whether Defendants' failure to pay Plaintiff Craddock and the members of the Class overtime compensation by virtue of a uniform, common and unlawful pay practice.

   c. Whether Defendants maintained and preserved accurate and true records of all hours worked and wages earned by the Class.

   d. Whether Defendants have willfully and without good faith misclassified Plaintiff Craddock and the members of the Class in violation of the FLSA.

44.     Plaintiff Craddock knows of no difficulty that will be encountered in the management of this litigation as a collective action or that would preclude a single trier of fact from determining the damages owed to the class.

45.     Pursuant to 20 U.S.C. § 216(b), Plaintiff Craddock seeks to prosecute the FLSA claims as a collective action on behalf of the class.

46.     Notice of the pendency and any resolution of this action can be provided to the

members of the class by mail, print and/or internet publication.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

A. An order designating this suit as a collective action on behalf of the proposed Class and granting issuance of notice pursuant to the FLSA with instructions to Class members to assert timely FLSA claims in this action by filing individual Consent to Joins and that this notice be sent to all past and present employees of Defendants who are part of the Class;

B. An order appointing Plaintiff Craddock as the class representative and Feldman Law Group, P.A. as counsel to represent the Class;

C. An order finding Defendants' actions as alleged above willful, intentional and in bad faith;

D. An order instructing Defendants to cease the unlawful employment practices under the FLSA;

E. Award Plaintiffs and the Class unpaid overtime compensation for all hours worked over forty (40) at a rate of one and half times their regular rate;

F. Award Plaintiffs an amount equal to all back wages awarded as liquidated damages;

G. Reasonable costs and attorney's fees pursuant to 29 U.S.C. §216(b);

H. Authorize a reasonable award to Plaintiff Craddock as class representative incentive fee for his efforts and time dedicated to bringing this action; and

I. Any other legal and equitable relief that this Court may deem appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff Craddock, on behalf of himself and all others similarly situated, demands trial by jury as to all claims so triable.

Respectfully submitted,

*/s/Mitchell L. Feldman*
Mitchell L. Feldman, Esq.
Florida Bar No.: 0080349
mfeldman@ffmlawgroup.com
Feldman Law Group, P.A.
1715 N. Westshore Blvd. Suite 400
Tampa, Florida 33607
Tel: 813.639.9366
Fax: 813.639.9376
*Attorneys for Plaintiffs*